## CERRUTI v. STINSON AIRCRAFT CORPORATION.

### No. 8223.

Circuit Court of Appeals, Sixth Circuit.

April 4, 1940.

Frank A. Cerruti, of Detroit, Mich., in pro. per.

Fred Gerlach, of Chicago, Ill. (Fred Gerlach, of Chicago, Ill., and Harold H. Emmons, of Detroit, Mich., on the brief), for appellee.

Before SIMONS, ALLEN, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a decree of the District Court holding invalid claims 25 and 26 of Patent 1,310,389, issued to appellant July 15, 1919.[1] The patent pertains to airplanes, and the claims in suit have for their main object, as stated in the specification, the provision of "adjustable supporting means for the supporting planes whereby said planes may be supported at different angles of incidence and at right angles to the fuselage, or at different dihedral angles." The angle of incidence of a wing is the fore and aft angle of its under surface with relation to the longitudinal axis of the fuselage. The dihedral angle of wings is the transverse angle at which they extend from their inner end with relation to the horizontal plane.

The claims read as follows:

"25. In an aeroplane the combination of a fuselage; supporting surfaces pivotally connected to the fuselage at their inner ends to extend laterally therefrom; and adjustable struts to support said surfaces in fixed position from the fuselage in a substantially horizontal plane and at right angles to the fuselage or at different dihedral angles thereto.

"26. In an aeroplane the combination of a fuselage; supporting surfaces pivotally connected to the fuselage at their inner ends to extend laterally therefrom; and adjustable struts to support said surfaces in fixed position from the fuselage at different angles of incidence and at right angles to the fuselage or at different dihedral angles thereto."

While only one airplane was constructed under the patent, and appellant concedes that it would not fly, he contends that the District Court erred in dismissing the bill.

The patent discloses an airplane with rigid wings pivotally connected at their inner ends with the fuselage and diagonal adjustable struts from the wings to the fuselage, making possible a swinging movement on a transverse axis for changing the angle of incidence and on a longitudinal axis for changing the dihedral angle of the wings, and herein, appellant claims, resides patentable invention.

Appellee's two alleged infringing devices do not disclose a pivotal connection of the wings with the fuselage, which permits incidence changes. The wing is connected with the fuselage by a hinge which permits dihedral changes, but this is merely a con-

---

[1] Other claims which involve means whereby the airplane wing is folded back upon the fuselage for advantageous transportation and storage are not involved herein.

venient form of connection and has never been used for the purpose of adjusting the dihedral angle. In practice, it could not be so used because the front wing supporting struts were not adjustable but of fixed length. One of appellee's devices has two adjustable struts and the other one adjustable strut at the trailing edge of the wing by which the wing may be warped to compensate for irregularities of wing balance. All the rest of the struts in appellee's accused devices are rigid.

We question whether these devices infringe the patent. The pivotal connection of the wing with the fuselage is an essential element of appellant's disclosure. Also, while warping part of the wing produces a slight angular distortion, it is not the change either in the dihedral angle or in the angle of incidence contemplated by the claims in suit. The dihedral and incidence variations of the patent require the tilting of the whole wing, not merely a distortion of the outer ends thereof. But it is not necessary to consider this feature at length, for we think the District Court correctly concluded that the patent is void for want of patentable invention. It was old to attach the wing pivotally to the fuselage; means for changing the dihedral angle and the angle of incidence were old; the use of the adjustable strut to facilitate the change was old.

The adjustable strut is shown in the Weiss monoplane and in the Clement-Bayard biplane (Flight, English publication, June 17, 1911; Aeronautics, February, 1912). Pagny Patent, 1,099,762, June 9, 1914, moreover is a complete anticipation of the device disclosed in the patent in suit, providing for change of the angle of incidence and the dihedral angle through a means very similar to that disclosed in appellant's patent. An axis is provided on which the plane swings for dihedral variation, and also a slidable sleeve which is adjustable for incidence variation. The planes are connected to the fuselage by adjustable struts. We are not impressed with appellant's contention that this patent is inapplicable because it covers only the planes at the rear of the fuselage. The claims in suit speak not of planes or wings, but of "supporting surfaces pivotally connected to the fuselage," and this generic description is broad enough to include the rear planes of Pagny. In fact appellant adopts the precise operation of Pagny.

The decree is affirmed.